NO. 07-05-0048-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 3, 2005



______________________________




ROY HAYES JOHNSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 48,928-E; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Roy Hayes Johnson was convicted of
delivery of a controlled substance and punishment was assessed at 15 years confinement. 
Appellant's notice of appeal was filed on February 14, 2005, and the reporter's record was
filed on April 4, 2005. The clerk's record has not been filed and three requests for
extensions of time have been filed all indicating appellant has not paid nor made
arrangements to pay for the clerk's record; the first two were granted, and the third filed on
August 2, 2005, is rendered moot by our disposition today. By letter dated July 6, 2005,
the Court requested that retained counsel, Ronald T. Spriggs, certify compliance with the
Texas Rules of Appellate Procedure regarding the clerk's record by July 26, 2005, and also
extended the deadline in which to file the clerk's record to August 1, 2005. Counsel was 
notified that failure to comply might result in dismissal per Rule 37.3(b). Counsel did not
respond and the clerk's record has not been filed.

 Accordingly, the appeal is dismissed for failure to comply with a directive of this
Court. 

 Per Curiam

Do not publish.



 executed by the trial
court do not disclose that she has a right to appeal from either order; rather they state that
she waived same. By letter dated April 25, 2005, this court notified appellant of these
circumstances and that the appeals were subject to dismissal. The court also requested
that she either supply it with an amended certification illustrating that she has a right to
appeal from the orders or inform us why we should continue the appeals. This was to be
done by May 10, 2005. That deadline lapsed and we received neither a response nor 
amended certifications. Thus, we dismiss these appeals. See Tex. R. App. P. 25.2(d)
(requiring that the appeal be dismissed if a certification that shows that the defendant has
a right to appeal has not been made part of the record).

 Accordingly, these appeals are dismissed.


 Brian Quinn

 Justice


Do not publish.